## NEGLIGENCE OF DRIVER OF HACK IMPUTED TO PASSENGER.

Court of Appeals for Richland County.

LOVINA ODENBAUGH V. HERMAN E. HOMBERGER.

Decided, February, 1915.

*Negligence—Collision Between Hack and Automobile—Opposing Theories as to Cause of Accident—Finding of Jury as Between the Two Will Not be Disturbed on Review, When—Negligence of Driver Imputed to Passenger—Contributory Negligence Established by Negative Evidence.*

1. An action founded upon injuries resulting from a collision between an automobile and a hack in which plaintiff was a passenger, the passenger asserting that the automobile ran into the hack, the owner of the automobile contending that the hack ran into the automobile, is based upon two diverse theories, neither obscure nor confusing, the determination of which is exclusively the function of a jury; and evidence having been offered, tending to support with considerable plausibility both theories, in the absence of clear

perversion of duty by the jury, its adoption of either theory in finding a verdict will not be disturbed on review.

2. Negligence of a hack driver is imputed to a passenger where the latter had an unobstructed view and full opportunity to direct his course; hence, the hack driver having cut across a street from the right to the left side at an intersection, thereby colliding with an automobile coming at right angles on the intersecting street and driven on the right side thereof and at proper speed, all of which was in full view and knowledge of his passenger, the negligence, if any, is imputed to the passenger.

3. The alternative issue of contributory negligence in an action for collision between a hack and automobile, both parties asserting the negligence of the other in causing the injuries, is established by negative evidence that the hack was driven on the wrong side at a street intersection in disobedience of a municipal ordinance and well known law of the road and in a manner not to be anticipated by the driver of the automobile on the right side of the road and operated at low speed; and an instruction upon such issue is not prejudicial to plaintiff.

*Brucker, Voegele & Henkel,* for plaintiff in error.
*McBride & Wolfe,* contra.

GRANT, J. (sitting by designation in the place of Voorhees, J.); SHIELDS, J., and POWELL, J., concur.

This is a petition in error, the prayer of which is for the reversal of the judgment of the court of common pleas.

Two principal grounds of error are assigned and argued why this should be done.

The first of these is that the judgment complained of is against the weight of the evidence in the case.

The second is that the court below erred in the charge given to the jury upon the question of contributory negligence, and in giving instructions upon that question at all.

The petition in the case below alleged that the plaintiff suffered certain bodily injuries, caused proximately and directly, by the culpable negligence of the defendant. This alleged negligence took the form, it was said, of the automobile of the defendant, carelessly managed and driven, running into a hack in which the plaintiff was at the time being lawfully carried on the public streets of Mansfield.

The answer denied, generally, and further alleged as an alternative defense—all the while denying negligence on his own

part—that the plaintiff came to her injuries through and as the proximate result of her own negligence contributing directly thereto.

Upon the latter charge issue was joined by reply and upon the whole issue thus made up, the cause was put to trial before a jury.

There was a verdict for the defendant, upon which the judgment attacked here was entered, a motion for a new trial having been denied.

All the testimony taken in the case, embodied in a bill of exceptions, is brought before us on the record.

The plaintiff had a theory of the case, and upon that theory the action on her part was tried. It was that the defendant ran into the hack in which she was riding.

The defendant had a theory of the case, and upon that theory the action was tried on his part. It was that the hack in which the plaintiff was riding ran into the automobile in which he was riding.

Somewhat inartifically stated, perhaps, but still in substantial accordance with the facts, this is the case before us as disclosed by the record here. And to these two rather plain and easily understood claims the evidence was addressed, by each side.

It is not to be expected that either side will concede that the theory of the other side is the correct theory. It all depends on the point of view. When Sidney Smith saw two women violently abusing each other in London, from upstairs windows on opposite sides of the street, the witty parson remarked: "They never will agree. They are arguing from different premises."

So this case was tried. There was evidence, the tendency of which, if it was believed, was to support either of the two contentions, not without considerable plausibility. The theories were not at all obscure. The jury could not have been confused in regard to them, nor as to which of them the evidence in support of either was directed. It was a plain case, from either view point, accordingly as one looked at the not much disputed main facts brought out. It was a matter of running into, or being run into. Each side accused the other of being in the active voice and at the same time protesting that it was itself in the passive voice.

To pass upon such an issue as this, is the peculiar and un-doubted function of a jury. It is difficult to think of a case in which it could be more so. The question was mainly one of fact and the jury's duty was to resolve it as they found the fact to be. To do this they had to adopt one theory or the other, according as in their estimation the facts preponderated, and to declare their finding in a verdict, if they did not doubt the law to which, as instructed by the court, they were to apply the evidence.

This they did, and upon the plainest principle of the law which sets up the landmark between what is the work of a jury in giving effect to facts and what is the province of the court in declaring the law of a case, their finding is not to be disturbed except upon a clear perversion of duty on the part of the former. That the jury believed the evidence advanced to support one theory of the case rather than the other, even if the latter should appear to a court of review to be the more plausible of the two —which in this case we are not saying—this would not justify the reviewing court in undoing the work which the law has set for the jury and not itself to do, exclusively. To thus interfere with the undisputed function of the triers of fact would be mere usurpation.

In the case before us the jury evidently believed the evidence put forward by the defendant and gave effect to it by finding for him. This they had a right to do. We do not conceive that we have a right, in the state of this record, to impose a view upon the jury—if we had such a view—which would be destruc-tive of that right—no overpowering or controlling consideration of substantial justice to the contrary of the verdict appearing.

It is argued that if we allow the verdict to stand we shall thus be imputing the negligence of the hack-driver to the plaintiff, his passenger.

To be persuasive this argument must concede the negligence of the driver and so far it supports the contention of the defend-ant that the plaintiff has sued the wrong person.

Having made her selection of defendants, she must abide by the consequences flowing from the choice. One of these is, we think, that a jury might think the driver much to blame in the way he carried a passenger for whose presence with him the de-

fendant clearly was not at fault. There is a North of England proverb that "if you ship the devil, you must sail with him." It seems to us to be good law, although not found in the books in just that form.

We conclude upon this branch of the case that the verdict and consequent judgment are not obnoxious to the complaint or against the clear weight of the evidence.

In support of the other contention that no instruction in respect of contributory negligence should have been given in charge to the jury, reliance is placed on the rule laid down in Branch, Instr. to Juries, Section 83. The pertinency of the rule proceeds upon the assumption that although the alternative defense of contributory negligence was pleaded in the answer, there was no evidence brought forward to prove it, so that the issue was no longer in the case. Under such circumstances, it is maintained that to charge at all on the subject is worse than useless, in that the tendency of a charge will be to confuse and mislead the jury away from the issues that are in the case.

Of course if there was absolutely no evidence addressed to this alternative issue, the argument would have force, provided the effect could be said to be prejudicial to the complaining party.

We are not so sure as counsel are that there is the absence of all evidence whatever in this record that could be brought to bear upon the claim of contributory negligence charged upon the plaintiff by the answer in the case.

Evidence should not be ignored merely because it is negative evidence. Here, the plaintiff was in a vehicle, the window of which was open. It was not dark. The driver undertook to cut the corner bounded by two intersecting streets. He was to the left of the middle of each street, in disobedience both of the rule of the road and of the ordinances of the city of Mansfield, produced in evidence. The automobile with which he came in collision was on the side of the street where it had a right to be—the right hand isde.

Its right hand front wheel was within a foot of the curb and had actually dropped into the spillway located at that point. It was going at a speed not much, if any, in excess of the gait of a man on foot. The horses pulling the hack were being urged across

the street diagonally from left to right, at a trot or slow gallop. There was testimony in the case tending to prove all these things. And for aught that appears all this was visible at the moment to the plaintiff, the line of vision being open and unobstructed and practicable.

If this was so, and she saw her driver—the driver of her selection and for the time being her servant—disobeying the ordinance and the well known rule of the road, and being where he should not have been, and the danger impending, then it became her duty to attempt at least to restrain her servant by outcry or command laid upon him, and not doing so may have amounted to negligence on her part. If it was such, then this line of evidence, although negative in form, was fit to be considered by the jury in coming to a verdict. From the drift of the instruction given in this respect, we rather think that this was the view of the trial judge and that this controlled him in his action in that respect. We are inclined to think also that the charge in this respect given was thought by him to be a proper safeguard for the plaintiff against the jury by possibility inferring more than they should infer to her disadvantage from the purely negative circumstances that we have mentioned. We think so, because this part of the instructions given seems extremely solicitous for the plaintiff's right at that point and can in no just sense be thought unfavorable to her. We think that the issue may have been in the case. If it was, then it was proper, and the court's duty, to charge upon it.

If it was not in the case, then we think the instruction could not have misled the jury to the harm of the plaintiff. The charge in this respect seems to us to lean towards the plaintiff and to be in her interest. We think it was so intended. Upon either footing, we are of the opinion that the giving it was not manifest error to the prejudice of the one who is complaining of it.

We find in this recorrd that no error has intervened, and from it can not say that substantial justice has not been done.

The judgment of the court of common pleas is affirmed.